■ EDWARD L. REINHART et al., Appellants, v LONG ISLAND LIGHTING CO., INC., et al., Respondents. — Order of the Supreme Court, New York County (Kirschenbaum, J.), entered on March 30, 1982, which denied the motion of the plaintiffs for summary judgment on the issue of liability only, reversed, on the law, with costs, and the motion granted. Plaintiffs, two plumbers employed by a subcontractor, were standing on a scaffold on a construction site owned by the defendant Long Island Lighting Company (LILCO). The scaffold had been erected by the defendant Dravo Corporation, one of a number of independent "general" contractors at the construction site. One of the plaintiffs was on the upper scaffold and met the other plaintiff at an intermediate scaffold to discuss a payroll and timesheet problem, which seems to have been the other plaintiff's responsibility as a shop steward. While the plaintiffs were talking, the guardrail gave way, and the plaintiffs fell to the floor below sustaining injuries. A fair reading of the testimony of a safety supervisor, an employee of another general contractor, the defendant Stone & Webster, Inc., shows that the scaffold was defective because nails smaller than required were used and the reinforcement was in the wrong place. Sections 240 and 241 of the Labor Law provide that scaffolds shall be so constructed as to give proper protection to the persons employed in connection with the structure and using the scaffold. There is absolute liability (see *Allen v Cloutier Constr. Corp.*, 44 NY2d 290), and negligence is not the basis for liability (see *Long v Forest-Fehlhaber*, 55 NY2d 154). Nor is contributory (comparative) negligence of the plaintiff a bar or partial defense (*Pereira v Herman Constr. Co.*, 74 AD2d 531). The only real issue is the fact that these plaintiffs seem not to have been directly involved in the business of plumbing, for which they had been employed, at the time of the accident. (See *Chabot v Baer*, 82 AD2d 928; *Yearke v Zarcone*, 57 AD2d 457.) However, they were employed, and they were not interlopers, and the scaffold was defective, and accordingly, summary judgment should have been granted as to liability. (See *Calfon v Gunhill Private Limousine Corp.*, 91 AD2d 531.) Concur — Kupferman, J. P., Sandler, Silverman and Lynch, JJ.

Milonas, J., concurs in the result in a memorandum as follows: I concur in the result. The activities in which the plaintiffs were engaged at the time of the accident were clearly within the scope of their employment.