■ ROBERT E. REEVES et al., Appellants, v RED WING COMPANY, INC., et al., Respondents. MEISTER CONTRACTING COMPANY, Third-Party Plaintiff-Respondent, v A. W. FARRELL & SON, INC., Third-Party Defendant-Respondent.—Order insofar as appealed from unanimously modified on the law and as modified affirmed without costs in accordance with the following memorandum: Plaintiffs seek damages for injuries suffered when plaintiff Robert Reeves fell from a platform at the plant of defendant Red Wing. The complaint alleges that defendants Meister Contracting Company (Meister) and Raymond Burgun Trucking, Inc. (Burgun) were negligent and violated Labor Law §§ 200, 240 (1) and § 241 (6). The cause of action against Red Wing alleges only a violation of Labor Law § 240 (1). Following joinder of issue, all three defendants moved for summary judgment. Plaintiffs appeal from the order granting the motions of all defendants to dismiss the Labor Law § 240 (1) claim.

We conclude that summary judgment was properly granted to defendants Meister and Burgun. Since neither defendant had been given control over the work performed by Reeves and had no right to control his activities, no liability could be imposed for a violation of Labor Law § 240 (1) *(see, Russin v Picciano & Son,* 54 NY2d 311).

We reach a contrary conclusion, however, regarding the claim asserted against Red Wing. Immediately before the accident, Reeves was supervising the installation of a ventilation system at Red Wing's plant for his employer. A Red Wing employee asked Reeves to measure the chute and estimate the cost of its replacement. In order to get a closer look at the chute, Reeves stepped on a platform which had been dislodged from the roof and which was lying unsecured on a hopper. He fell when the platform gave way. No safety devices had been furnished or made available to Reeves as required by Labor Law § 240 (1)

We reject defendants' claim that Reeves was not "employed" at the time of his injury. Two construction projects were in progress on the site, the platform was available for

use at the site, and Reeves was working at the site. It is not necessary that an employee be actually working on his assigned duties at the time of the injury *(see, Reinhart v Long Is. Light. Co.,* 91 AD2d 571, *appeal dismissed* 58 NY2d 1113; *Fuller v Mulcahy & Gibson,* 164 App Div 829). Therefore, partial summary judgment should have been granted to plaintiffs on the issue of Red Wing's liability. (Appeal from order of Supreme Court, Chautauqua County, Cass J.—dismiss cause of action.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.