(June 13, 1994)

■ CHRISTOS BIRBILIS, Appellant, v JOHN RAPP et al., Respondents, et al., Defendant. (And Third-Party Titles.) [613 NYS2d 414] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 11, 1992, as denied that branch of his motion which was for partial summary judgment against the defendants John Rapp and Stella Repapinos on the issue of liability under Labor Law § 240 (1), and granted that branch of the cross application of those defendants which was for summary judgment dismissing the cause of action based upon Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for partial summary judgment on the issue of liability under Labor Law § 240 (1) is granted, that branch of the cross application which was for summary judgment dismissing that cause of action is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

The plaintiff was employed in connection with a building renovation project. A sidewalk "bridge" or "shed" was erected over the adjacent sidewalk in order to catch the tools and other objects that might fall from the building, so that these tools would not fall on passersby on the sidewalk below. It was undisputed that workers, including the plaintiff, had to walk across the top of the sidewalk bridge in order to retrieve the fallen tools. On the day of the accident, the plaintiff walked out onto the sidewalk bridge, not to retrieve a tool, but to speak to a co-worker on the street below. When the plaintiff walked out onto the bridge, the planking underneath the plaintiff collapsed, and he fell as a result, sustaining injuries. The plaintiff could have taken the building's elevator to the ground floor in order to reach the co-worker.

The Supreme Court erred in dismissing the plaintiff's cause of action based upon Labor Law § 240 (1). We further find that the Supreme Court erred in denying the plaintiff's motion for partial summary judgment against the owners of the building where the accident occurred on the issue of liability under Labor Law § 240 (1). It was undisputed that the plaintiff and other workers had to walk on the sidewalk bridge in order to retrieve tools, and therefore Labor Law § 240 (1) required that this bridge be so constructed so as to provide the workers with

"proper protection" *(see, Groves v Land's End Hous. Co.,* 80 NY2d 978; *Farrell v City of New York,* 162 AD2d 655; *Rocha v State of New York,* 45 AD2d 633). It is no defense to a recovery under Labor Law § 240 (1) that it was not necessary for the plaintiff to be on the sidewalk bridge at the time of the accident in order to speak to his co-worker *(see, Hagins v State of New York,* 81 NY2d 921; *Reeves v Red Wing Co.,* 139 AD2d 935; *Reinhart v Long Is. Light. Co.,* 91 AD2d 571). The fact that the planking underneath the plaintiff collapsed constitutes a prima facie case under Labor Law § 240 (1), since a collapse would not have occurred if the safety device had been properly constructed so as to give adequate protection *(Bras v Atlas Constr. Corp.,* 166 AD2d 401; *La Lima v Epstein,* 143 AD2d 886). The affidavit of the vice president of the scaffolding company did not raise a triable issue of fact as to how the accident occurred *(see, Zuckerman v City of New York,* 49 NY2d 557; *Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478).

We find the defendant's remaining contentions to be without merit. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.