■ JAROSLOW JABLONSKI, Respondent, v EVEREST CONSTRUCTION AND TRADE CORPORATION et al., Appellants, et al., Defendants. [693 NYS2d 229] —In an action to recover damages for personal injuries, the defendants Everest Construction and Trade Corporation and Everest Construction Corporation appeal from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated March 30, 1998, as granted the plaintiff's motion for partial summary judgment against them on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the Supreme Court properly granted the plaintiff's motion for partial summary judgment against them on the issue of liability under Labor Law § 240 (1). The plaintiff was employed in connection with the renovation of a 15-story apartment building in Manhattan. Scaffolding in the form of a sidewalk bridge or shed was erected along the perimeter of the building in order to protect pedestrians from any unsafe conditions around the building, as well as to provide workers with access to supplies which were stored on the scaffolding. The plaintiff, while walking on the bridge to obtain caulking compound which was stored there, fell when one of the wood planks of the bridge collapsed.

Labor Law § 240 (1) requires that the type of bridge involved here be constructed so as to provide workers with proper protection (*see, Birbilis v Rapp,* 205 AD2d 569). The fact that the planking underneath the plaintiff collapsed established a prima facie case of liability under Labor Law § 240 (1), since a collapse would not have occurred if the safety device had been properly constructed so as to give adequate protection (*see, Birbilis v Rapp, supra,* at 570; *Robertti v Chang,* 227 AD2d 542; *see also, Ageitos v Chatham Towers,* 256 AD2d 156). The appellants failed to submit evidence in admissible form to rebut this prima facie showing (*see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Bellafiore v L & K Holding Corp.,* 244 AD2d 443; *Gleason v Huber,* 188 AD2d 581; *Gutman-Farrell v Leopold,* 187 AD2d 486). S. Miller, J. P., Santucci, Feuerstein and Smith, JJ., concur.