██ KENNETH BONCORE et al., Respondents, v TEMPLE BETH ZION et al., Appellants. [751 NYS2d 337] —Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered January 16, 2002, which granted the cross motion of plaintiffs for partial summary judgment on liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law action seeking damages for injuries sustained by Kenneth C. Boncore (plaintiff). Supreme Court properly granted plaintiffs' cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. In support of the cross motion, plaintiffs submitted the deposition testimony of plaintiff, who testified that the ladder on which he was standing slid to the right and fell, causing him to fall backwards onto the ground and the bottom of the ladder. Plaintiffs thus established that the ladder was not so "placed * * * as to give proper protection to" plaintiff as required by Labor Law § 240 (1) and that the statutory violation was a proximate cause of his injuries (*see Dahl v Armor Bldg. Supply,* 280 AD2d 970, 971; *Pomarzynski v Park School,* 278 AD2d 946). In opposition to the cross motion, defendants failed to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Dahl,* 280 AD2d at 971; *Griffin v MWF Dev. Corp.,* 273 AD2d 907, 908; *cf. Weininger v Hagedorn & Co.,* 91 NY2d 958, *rearg denied* 92 NY2d 875).

We reject defendants' contention that plaintiff was not "employed" at the time of his accident within the meaning of Labor Law § 2 (7). That section and section 2 (5), which are read together, broadly define "employed" (*see Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971; *Peglow v L & A Bldrs.,* 251 AD2d 1015, 1016). To come within the special class of persons entitled to the protection of Labor Law § 240 (1), "plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen,* 47 NY2d at 971). Here, plaintiffs submitted the deposition testimony of plaintiff, an electrician hired by a subcontractor to perform work for defendant BRD, Inc., who testified that he had been running a piece of cable down a wall for approximately two hours prior to the accident. At the time

of the accident, he was placing a cover over a hole in that wall. In opposition to the cross motion, defendants submitted the affidavit of plaintiff's supervisor, who averred that he had directed plaintiff not to cover the hole in the wall. Assuming, arguendo, that plaintiff's supervisor had so directed plaintiff, we nevertheless conclude that plaintiff was an employee working for his employer, rather than a mere volunteer, while performing that work (*see Daniello v Holy Name Church,* 286 AD2d 268, 269-270; *cf. Schwab v Campbell,* 266 AD2d 840, 841). Further, "[i]t is not necessary that an employee be actually working on his assigned duties at the time of the injury" to be entitled to the protection of section 240 (1) (*Reeves v Red Wing Co.,* 139 AD2d 935, 936; *see Reinhart v Long Is. Light. Co.,* 91 AD2d 571, *appeal dismissed* 58 NY2d 1113). Defendants therefore failed to raise a triable issue of fact with respect to plaintiff's status as an employee. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.