■ LOUIS CRAPSI, Respondent, v SOUTH SHORE GOLF CLUB HOLDING COMPANY, INC., et al., Appellants. [797 NYS2d 234]—

Appeal from a judgment of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered September 24, 2003 in a personal injury action. The judgment, upon a jury verdict in favor of plaintiff and against defendants, awarded plaintiff the amount of $1,861,478.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion for partial summary judgment on liability and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from the second tier of a tee box structure during the construction of an inflatable dome over a driving range. Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1), contending, inter alia, that he was injured in the scope of his employment. In denying plaintiff's motion, Supreme Court (Kevin M. Dillon, J.), stated in a bench decision that, although plaintiff met his initial burden, defendants raised "numerous questions" of fact, among them whether plaintiff was "employed in the erection or construction of the dome on the date he was injured." Thus, Justice Dillon found an issue of fact whether plaintiff was acting within the scope of his employment at the time of the accident. After opening statements at trial and discussion between the court and counsel, the court (Nelson H. Cosgrove, J.), ruled that it was precluding defendants from presenting evidence on the issue whether plaintiff was acting outside the scope of his employment, finding that there was no question of fact on that issue. The court thereby violated the doctrine of law of the case, inasmuch as Justice Dillon had previously found a question of fact on that issue (*see Francisco v General Motors Corp.*, 277 AD2d 975, 976 [2000]; *see generally*

*Caster v Increda-Meal, Inc.* [appeal No. 2], 238 AD2d 917, 919 [1997]). In addition, the court thereby erred because there was no evidence before it to support such a ruling.

The contention of plaintiff that his motion for partial summary judgment on liability under Labor Law § 240 (1) should have been granted is properly before us on defendants' appeal from the final judgment (*see* CPLR 5501 [a] [1]), and we agree with that contention. Plaintiff established as a matter of law that he was an employee protected by Labor Law § 240 (1), and defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that the role of plaintiff's employer in the erection of the golf dome was only that of consultant or advisor, we conclude that "[p]laintiff was involved in a protected activity under the statute because his work was necessary and incidental to the [erection of the golf dome]" (*Nowak v Kiefer*, 256 AD2d 1129, 1130 [1998], *lv dismissed in part and denied in part* 93 NY2d 887 [1999], *rearg dismissed* 93 NY2d 1000 [1999]; *see Aubrecht v Acme Elec. Corp.*, 262 AD2d 994 [1999]). Moreover, plaintiff's status as a protected worker would not be affected even if plaintiff's employer was acting as a volunteer (*see Daniello v Holy Name Church*, 286 AD2d 268, 269-270 [2001]).

We further conclude that plaintiff established as a matter of law that he was acting within the scope of his employment at the time of the accident. It is undisputed that plaintiff's employer had asked plaintiff to retrieve a tape measure from a vehicle and that plaintiff fell when he was about to hand the tape measure to his employer. The fact that plaintiff's employer did not explicitly direct plaintiff to climb to the second tier of the tee boxes does not negate plaintiff's status as an employee at the time of the accident (*see generally Boncore v Temple Beth Zion*, 299 AD2d 953, 954 [2002]; *Birbilis v Rapp*, 205 AD2d 569, 570 [1994]; *Reeves v Red Wing Co.*, 139 AD2d 935, 936 [1988]). We therefore modify the judgment accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.