■ PAUL BARRACO et al., Respondents, v FIRST LENOX TERRACE ASSOCIATES et al., Appellants-Respondents, APPOLLON WATERPROOFING CORP., Respondents, and O&S ASSOCIATES, INC., et al., Respondents-Appellants. O&S ASSOCIATES, INC., Third-Party Plaintiff-Appellant, v GIBRALTAR WATERPROOFING AND RESTORATION, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [810 NYS2d 8]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 14, 2004, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim against defendant owners (the Lenox defendants); denied the Lenox defendants' motion for summary judgment on their contractual indemnification claim against third-party defendant general contractor (Gibraltar), and on their common-law indemnification claim against defendant sidewalk bridge subcontractor (Bridgeworks); granted the motion of defendant and third-party plaintiff engineering consultant (O&S) for summary judgment dismissing the Labor Law § 240 (1) claim as against it; denied O&S's motion for summary judgment on its contractual indemnification claim against Gibraltar; denied Bridgeworks' motion for summary judgment dismissing plaintiff's common-law negligence claim as against it; and granted the motion of defendant sidewalk bridge contractor (Appollon) for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, to deny O&S's motion for summary judgment dismissing the Labor Law

§ 240 (1) claim as against it, and otherwise affirmed, without costs.

As against the Lenox defendants, plaintiff makes out a prima facie case of liability under Labor Law § 240 (1) by the fact that the unsupported corrugated metal overhang of a sidewalk bridge collapsed as he walked on it, causing him to fall and sustain injuries (*see Jablonski v Everest Constr. & Trade Corp.*, 264 AD2d 381 [1999]; *Ageitos v Chatham Towers*, 256 AD2d 156 [1998]; *Birbilis v Rapp*, 205 AD2d 569 [1994]). No issues of fact exist as to whether plaintiff was authorized to use the sidewalk bridge or whether his conduct was the sole proximate cause of the accident (*see Morales v Spring Scaffolding, Inc.*, 24 AD3d 42, 48-49 [2005]). That O&S, Appollon and Bridgeworks may have had an understanding that the bridge was meant only to protect pedestrians and workers on the ground level from falling debris, and was not to be used as a work platform, does not undermine plaintiff's showing that the Lenox defendants, as evidenced by their property manager's admissions, knew from the outset that the bridge would be used by workers to access scaffolds. Issues of fact exist as to whether O&S can be held liable under Labor Law § 240 (1) as the Lenox defendants' statutory agent (*see Walls v Turner Constr. Co.*, 4 NY3d 861 [2005]). The documentary evidence does not conclusively establish that O&S, as it claims, lacked supervisory control over Gibraltar's workers and that worker safety was Gibraltar's responsibility. Unlike the consulting engineer in *Hutchinson v City of New York* (18 AD3d 370 [2005]), O&S was obligated to oversee the construction site, had a resident engineer on site, and there was deposition testimony that it had authority to control activities and stop unsafe work practices. Issues of fact as to O&S's supervisory control are also raised by the project manual it prepared, which provided that work would be completed "as directed by the Engineer."

Plaintiff's common-law negligence claim against Bridgeworks was properly sustained, there being issues of fact as to whether the bridge, which appears not to have been built to code, was negligently constructed and whether it was foreseeable that workers would use it (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]). If, as Bridgeworks acknowledges, the bridge was partly meant to protect pedestrians from falling tools, it must have been anticipated that tools would fall on the bridge, and that workers would walk on the bridge, including the overhang, to retrieve the tools. However, Appollon, unlike Bridgeworks, did not create an unreasonable risk of harm in discharging its contractual obligations. While Appollon was

responsible for maintenance of the bridge, the accident here was caused by structural deficiencies.

Neither the Lenox defendants nor O&S are entitled to summary judgment on their contractual indemnification claims, there being issues as to whether they were negligent, and, if so, contributed to the accident (*see Mannino v J.A. Jones Constr. Group, LLC*, 16 AD3d 235 [2005]). Since it has not yet been determined whether any party's negligence contributed to the accident, a finding of common-law indemnity is premature (*see Taylor v Lehr Constr. Corp.*, 15 AD3d 242 [2005]; *Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Friedman, Catterson and Malone, JJ.