◼  DANIELLE M. ANDREWS, Respondent, v RYAN HOMES, INC., a Division of NVR, INC., Appellant. [812 NYS2d 729]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered December 10, 2004 in a

personal injury action. The order granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the motion is denied.

Memorandum: We agree with defendant that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). It is undisputed that plaintiff, an employee of Suzanne Bobbitt, doing business as Q's Cleaning, was injured when she fell from a ladder while cleaning a newly constructed house. We conclude that plaintiff met her initial burden on the motion by establishing that Bobbitt placed a ladder near a window that was to be cleaned and that plaintiff was injured when she climbed the ladder and it slid out from under her (*see Alligood v Hospitality W., LLC*, 8 AD3d 1102 [2004]; *Boncore v Temple Beth Zion*, 299 AD2d 953 [2002]; *Evans v Anheuser-Busch, Inc.*, 277 AD2d 874 [2000]). In opposition to the motion, however, defendant presented evidence establishing that, approximately 30 minutes before the accident, Bobbitt told plaintiff not to climb the ladder as it was positioned and, indeed, that Bobbitt had repeatedly told plaintiff not to use the ladder without someone to steady it. Defendant further presented evidence establishing that Bobbitt and another member of the work crew were present and able to steady the ladder and that the ladder was not defective. Furthermore, plaintiff admits that, seconds before the accident, Bobbitt told her not to climb the ladder but she "didn't take [Bobbitt] seriously." We thus conclude that there is an issue of fact whether plaintiff was a recalcitrant worker and, if so, whether her actions were the sole proximate cause of her injuries (*see Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]), precluding partial summary judgment on the issue of liability under Labor Law § 240 (1).

All concur except Scudder and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Scudder and Gorski, JJ. (dissenting). We respectfully dissent. We agree with the majority that plaintiff met her initial burden of establishing her entitlement to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) by establishing that her employer improperly placed the subject ladder near a window that was to be cleaned and that she was injured when she climbed the ladder and it slid out from under her. The majority further concludes, however, that defendant

raised an issue of fact whether plaintiff was a recalcitrant worker and, if so, whether her actions were the sole proximate cause of her injuries. We cannot agree with the majority in that respect.

As the Court of Appeals wrote in *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280, 290 [2003]), "[u]nder Labor Law § 240 (1) it is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury. Thus, if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it." In our view, the analysis herein begins and ends with the issue whether defendant supplied an adequate safety device within the meaning of Labor Law § 240 (1). Indeed, if this case proceeds to trial, that will be the first question to be addressed by the trier of fact. Here, the only possible resolution of that issue is that defendant failed to supply the requisite adequate safety device. Unlike in *Blake*, wherein the injured plaintiff conceded that the ladder in question was safe when given to him and did not need to be secured, there was no such concession by plaintiff herein. Indeed, we note that the Court of Appeals in *Stolt v General Foods Corp.* (81 NY2d 918 [1993]) was presented with a fact pattern nearly identical to that presented herein. The plaintiff in *Stolt* used a broken ladder after being advised not to do so, but the Court of Appeals nevertheless concluded that the plaintiff was entitled to partial summary judgment on liability under Labor Law § 240 (1). In so concluding, the Court wrote that "the so-called 'recalcitrant worker' defense cannot be invoked in these circumstances . . . . That defense . . . requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer . . . . It has no application where, as here, no adequate safety devices were provided . . . . We note that an instruction by the employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not itself a 'safety device' " (*id.* at 920).

We reach the same conclusion herein, and thus would affirm. Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Hayes, JJ.