■ JOSEPH K. WONDERLING, Appellant-Respondent, v CSX TRANSPORTATION, INC., Respondent-Appellant. [824 NYS2d 839]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered January 31, 2006. The order denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell approximately 26 feet to the ground while disassembling scaffolding on the Lyndon Road Pedestrian Bridge Project located on defendant's property. We conclude that Supreme Court properly denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim, but our reasoning differs from that of the court. Plaintiff's initial submissions in support of the motion are insufficient to establish plaintiff's entitlement to judgment as a matter of law, and the reply papers submitted by plaintiff are not considered in evaluating whether he met his initial burden (*see Seefeldt v Johnson*, 13 AD3d 1203 [2004]).

We further conclude that the court properly denied defendant's cross motion for summary judgment dismissing the complaint because defendant failed to establish that plaintiff's own actions in attempting to disassemble the scaffolding in dangerously wet conditions were, as a matter of law, the sole proximate cause of plaintiff's injuries. Here, defendant failed to establish that the scaffolding was properly constructed and that, but for the wet conditions, plaintiff would not have fallen (*see Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]). Even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff raised triable issues of fact by submitting his testimony from the General Municipal Law § 50-h hearing in which he testified that the scaffolding was unstable, causing him to fall. Although defendant submitted evidence that plaintiff fell when his foot slipped on the wet slippery steel of the scaffolding, that plaintiff was told not to disassemble the scaffolding that day because of the wet conditions, and that safety harnesses were available, defendant did not thereby es-

tablish as a matter of law that the actions of plaintiff were the sole proximate cause of his injuries (*see Hagins v State of New York*, 81 NY2d 921, 922-923 [1993]; *see also Whiting v Dave Hennig, Inc.*, 28 AD3d 1105 [2006]). We thus conclude on the record before us that there are issues of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*see Andrews v Ryan Homes, Inc.*, 27 AD3d 1197 [2006]; *cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]). Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ. [*See* 11 Misc 3d 1061(A), 2006 NY Slip Op 50337(U) (2006).]