# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**778**

**CA 10-01399**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

JOHN T. GOWANS AND SHERRY BATCHELDER,
PLAINTIFFS-APPELLANTS,

V                                                  MEMORANDUM AND ORDER

OTIS MARSHALL FARMS, INC., DOING BUSINESS AS
MARSHALL FARMS, DEFENDANT-RESPONDENT.
-------------------------------------------------
OTIS MARSHALL FARMS, INC., DOING BUSINESS AS
MARSHALL FARMS, THIRD-PARTY PLAINTIFF-APPELLANT,

V

GOWANS HOME IMPROVEMENT AND HAROLD GOWANS,
THIRD-PARTY DEFENDANTS-RESPONDENTS.

---

LAW OFFICES OF MARC JONAS, UTICA (RICHARD A. COHEN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

CRAMER, SMITH & MILLER, P.C., SYRACUSE (LAUREN M. MILLER OF COUNSEL),
FOR DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (GABRIELLE MARDANY
HOPE OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-RESPONDENTS.

---

Appeals from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 12, 2010 in a personal injury action. The order and judgment denied the motion of plaintiffs for partial summary judgment on their claims pursuant to Labor Law § 240 (1) and § 241 (6), granted the cross motion of defendant-third-party plaintiff for partial summary judgment dismissing plaintiffs' claims pursuant to Labor Law § 200, § 240 (1) and § 241 (6), and granted the cross motion of third-party defendants for summary judgment dismissing the third-party complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying those parts of the cross motion of defendant-third-party plaintiff for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims and reinstating those claims and by denying the cross motion of third-party defendants for summary judgment dismissing the third-party complaint and reinstating the third-party complaint and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John T. Gowans (plaintiff) when he allegedly fell through a hay hole in a barn owned by defendant-third-party plaintiff, Otis Marshall Farms, Inc., doing business as Marshall Farms (Otis). We agree with plaintiffs that Supreme Court erred in granting those parts of the cross motion of Otis for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims, and we therefore modify the order and judgment accordingly. We note at the outset that the court also granted that part of the cross motion of Otis for summary judgment dismissing the Labor Law § 200 claim, but plaintiffs failed to address that issue in their brief on appeal and thus are deemed to have abandoned any contention with respect thereto (see Olson v Pyramid Crossgates Co., 291 AD2d 706, 708; Ciesinski v Town of Aurora, 202 AD2d 984).

The record establishes that, at the time of plaintiff's accident, his brother was taking measurements on the upper level of a barn owned by Otis, and that such measurements were "necessary and incidental" to the replacement of rotting carrier beams (Bagshaw v Network Serv. Mgt., 4 AD3d 831, 832; see Mannes v Kamber Mgt., 284 AD2d 310, lv dismissed 97 NY2d 638). It is undisputed that plaintiff and his brother were partners of third-party defendant Gowans Home Improvement, the construction company hired to perform the replacement job (cf. Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d 1108, 1109; Fabrizio v City of New York, 306 AD2d 87, 87-88). Plaintiff's brother had been instructed to cover the hay hole through which plaintiff allegedly fell while ascending to the upper level of the barn in order to speak to his brother.

We agree with plaintiffs that the court erred in determining that plaintiff was not entitled to the protection of the Labor Law at the time of the accident, inasmuch as "[i]t is not necessary that an employee be actually working on his [or her] assigned duties at the time of the injury" (Reeves v Red Wing Co., 139 AD2d 935, 936; see Boncore v Temple Beth Zion, 299 AD2d 953, 954). Indeed, "the relevant inquiry here is not whether the plaintiff picked up a tool to effect a repair, but whether he had been hired to take any part in the repair work" (Campisi v Epos Contr. Corp., 299 AD2d 4, 8). "It is no defense to [the plaintiff's] recovery under [the] Labor Law . . . that it was not necessary for the plaintiff to be [at the location where his brother was taking the measurements] at the time of the accident in order to speak to his [brother]," who was his coworker (Birbilis v Rapp, 205 AD2d 569, 570; see Hagins v State of New York, 81 NY2d 921, 923), and thus plaintiff was entitled to the protections afforded by Labor Law § 240 (1) and § 241 (6).

We reject plaintiffs' further contention, however, that the court erred in denying their motion for partial summary judgment on the Labor Law § 240 (1) and § 241 (6) claims. Plaintiff has no recollection of the accident, and there were no witnesses who observed it. In any event, there is a triable issue of fact with respect to the cause of plaintiff's injuries because the record contains conflicting expert affidavits on that issue, rendering summary

judgment inappropriate (*see generally Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436). Otis submitted the affidavit of a biomedical engineer who opined that plaintiff's injuries were not consistent with the six-foot fall through an unguarded hay hole alleged by plaintiff to have occurred, while plaintiffs submitted the affidavit of plaintiff's treating neurosurgeon, who opined that plaintiff sustained a severe head injury as a result of falling from a height of approximately six feet or more (*see generally* § 240 (1); § 241 (6); 12 NYCRR 23-1.7 [b] [1] [i]).

Finally, we agree with Otis that the court erred in granting the cross motion of third-party defendants for summary judgment dismissing the third-party complaint. The record establishes that there are triable issues of fact whether plaintiff's brother, and therefore third-party defendants, were negligent in either failing to cover the hay hole or in failing to turn on available lights (*see generally Torrillo v Kiperman*, 183 AD2d 821, 821-822). We therefore further modify the order and judgment accordingly.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court