■ MICHAEL CALOGRIDES et al., Respondents, v SPRING SCAFFOLDING, INC., Appellant, and CALISTRO CONSTRUCTION CORP., Respondent, et al., Defendants. (And a Third-Party Action.) [931 NYS2d 869]—

As it is undisputed that Spring is not an owner or contractor or agent for the purposes of Labor Law § 240 (1) and § 241 (6), the causes of action under those Labor Law sections should be dismissed as against it (*see Morales v Spring Scaffolding, Inc.*, 24 AD3d 42 [2005]). The Labor Law § 200 and common-law negligence claims should be dismissed as against Spring because there is no evidence that Spring's initial installation of the sidewalk bridge was negligent or defective or that Spring otherwise breached any duty owed to plaintiff (*compare Morales*, 24 AD3d at 47 [citing evidence that parapet wall violated Industrial Code height requirement]; *Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427, 428 [2006] [sidewalk bridge "appears not to have been built to code"]). Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.