Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 25, 2016, which granted plaintiff partial summary judgment as to liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.
 

 Plaintiff made a prima facie showing that Labor Law § 240 (1) was violated, and that the violation was a proximate cause of his injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]). He testified that onsite supervisors gave him a work assignment requiring him to work from the top of a sidewalk bridge, thereby exposing him to elevation-related risks covered under Labor Law § 240 (1). He further stated that he was not provided with a ladder or any other safety device; was instructed to access the top of the bridge by climbing up its side; and that, while attempting to do so, he lost his grip, slipped, and fell to the ground.
 

 Defendants failed to raise a triable issue of fact concerning the statutory violation. Plaintiff’s direct supervisor testified that he did not give plaintiff his work instructions on the morning of the accident, and that someone else could have. Thus, there is insufficient support for defendants’ conclusory assertion that plaintiff was affirmatively instructed not to go up on the sidewalk bridge, and that his assignment was to pick up debris from the ground.
 

 The unsworn Employer’s Injury and Illness Report dated September 24, 2010 also fails to raise a triable issue of fact. Defendants’ own witness denies preparing it or knowing the source of the information included in it, and there is no assertion or proof that it was prepared by anyone with personal knowledge of the relevant events (see Rue v Stokes, 191 AD2d 245, 246-247 [1st Dept 1993]).
 

 Defendants’ recalcitrant worker defense fails, since there is no indication that they instructed plaintiff to use a ladder or informed him that a ladder or other safety device was located at the sidewalk bridge (see Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104 [2017]; cf. Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004] [issue of fact as to whether the plaintiff disregarded instructions to use safety device]; Albino v 221-223 W. 82 Owners Corp., 142 AD3d 799, 800 [1st Dept 2016] [same]).
 

 Defendants’ contention that plaintiff fell from the sidewalk bridge as a result of his “carelessness” and “bad decisions,” and because of his size, is unavailing. Any comparative negligence by plaintiff is not a defense to his Labor Law § 240 (1) claim (see Hill v Acies Group, LLC, 122 AD3d 428, 429 [1st Dept 2014]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]).
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.