Galeno v Everest Scaffolding, Inc. (2022 NY Slip Op 00720)





Galeno v Everest Scaffolding, Inc.


2022 NY Slip Op 00720


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 23226/13E Appeal No. 15231-15231A Case No. 2021-00739 2021-00743 

[*1]Fidel Galeno, Plaintiff-Respondent,
v
Everest Scaffolding, Inc., Defendant-Respondent-Appellant, Elk Realty Company, et al., Defendants-Appellants-Respondents, A&S Construction, Defendant.
Everest Scaffolding, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Schnelbacher-Sendon Group, LLC, Third-Party Defendant-Respondent.
Schnelbacher-Sendon Group, LLC, Second Third-Party Plaintiff,
v
Ramon Construction Corporation, Second Third-Party Defendant.
Elk Realty Company, et al., Third Third-Party Plaintiffs-Appellants-Respondents,
v
Schnelbacher-Sendon group, LLC, Third Third-Party Defendant-Respondent. _ Elk Realty Company, et al., Fourth Third-Party Plaintiffs-Appellants-Respondents,


Brody, O'Connor & O'Connor, New York (Scott A. Brody of counsel), for appellants-respondents.
Fuchs Rosenzweig PLLC, New York (Cheryl Fuchs of counsel), for respondent-appellant.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York (Joel Celso of counsel), for Fidel Galeno, respondent.
Landman Corsi Ballaine & Ford, P.C., New York (Andrew P. Keaveney of counsel), for Schnelbacher-Sendon Group, LLC, respondent.
Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for Ramon Construction Corporation, respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered October 9, 2020, which to the extent appealed from as limited by the briefs, denied the motion of defendants/third third-party plaintiffs/fourth third-party plaintiffs Elk Realty Company, Elk 22 Realty LLC, 20 West 22 Associates, LLC, and ABS Partners Real Estate, LLC (collectively, the owner defendants) for conditional summary judgment in favor of 20 West and ABS on their contractual indemnification claims against third-party defendant/second third-party plaintiff/third third-party defendant Schnelbacher-Sendon Group, LLC (SSG) and second third-party defendant/fourth third-party defendant Ramon Construction Corp. (Ramon), and granted SSG's motion and Ramon's cross motion for summary judgment dismissing 20 West and ABS's contractual indemnification claims against them and defendant/third-party plaintiff Everest Scaffolding, Inc.'s common-law indemnification and contribution claims against them, unanimously modified, on the law, to deny SSG's motion and Ramon's cross motion to the extent they sought dismissal of 20 West and ABS's contractual indemnification claims against them, and otherwise affirmed, without costs. Order, same court and Justice, entered October 13, 2020, which, insofar as appealed from as limited by the briefs, denied Everest's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it, granted Everest's motion to the extent of dismissing 20 West and ABS's claims against it for contractual indemnification, and denied the owner defendants' cross motion for conditional summary judgment in favor of 20 West and ABS on their contractual indemnification claims against Everest, unanimously modified, on the law, to deny Everest's motion for summary judgment to the extent it sought dismissal of 20 West and ABS's contractual indemnification claims against it, and otherwise affirmed, without costs.
Plaintiff Fidel Galeno commenced this action alleging common law negligence and violations of Labor Law §§ 200, 240(1), and 241(6), seeking to recover for personal injuries he allegedly sustained in December 2012, when he fell through the roof of a sidewalk shed to the ground below while engaged in faÇade repair of a building owned by defendant Elk 22 Realty LLC [FN1]. Elk 22 Realty net leased the building to defendant 20 West, which hired defendant ABS as managing agent of the building. In 2010, ABS, as agent for 20 West, hired defendant Everest to construct a heavy-duty sidewalk shed at the premises. The following year, ABS, as agent for 20 West, hired SSG to perform faÇade repairs. SSG subcontracted the work to plaintiff's employer, Ramon.
Issues of fact exist as to what proximately caused the accident. Specifically, whether negligence by Everest or Ramon was a proximate cause of the accident. Accordingly, Everest is not entitled to dismissal of the common-law negligence and Labor Law § 200 claims against it (see Barraco v First Lenox Terrace [*2]Assoc., 25 AD3d 427, 428 [1st Dept 2006]).
Dismissal of 20 West and ABS's contractual indemnification claims against SSG, Ramon, and Everest was not warranted. SSG's project manager authenticated SSG's contract and Ramon's subcontract, each of which contained an indemnification provision in favor of "Owner" — which the contract and subcontract identified as 20 West and its agent ABS — for damages arising out of personal injury caused by Ramon. The owner defendants also submitted sufficient evidence, none of which was rebutted, that ABS was 20 West's agent; likewise, the owner defendants submitted an affidavit and testimony from ABS's compliance manager, both of which were sufficient to authenticate a contractors' insurance requirement containing an indemnification provision by Everest in favor of 20 West and ABS. However, to the extent plaintiff's common-law negligence and Labor Law § 200 claims remain pending against 20 West and ABS, they are not entitled to conditional summary judgment on their contractual indemnification claims against SSG, Ramon and Everest (see Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]).
As to the claims against SSG, there is no evidence in the record that the accident was the result of any negligence on the part of SSG, nor did SSG exercise supervision and control over plaintiff's work (see Burkoski v Structure Tone, Inc., 40 AD3d 378, 380-381 [1st Dept 2007]). SSG also did not have actual or constructive notice of any defect in the shed, and in fact, did not do any work on or around the shed; likewise, Ramon's and the site safety inspector's reports did not record any defects in the shed. Indeed, SSG was not even on site on a regular basis (see DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 625 [1st Dept 2015]). Accordingly, the common-law indemnification and contribution claims against SSG were properly dismissed (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]).
The common-law indemnification and contribution claims against Ramon, plaintiff's employer, are precluded by the exclusive remedy of the Workers' Compensation Law (Workers' Compensation Law § 11; see Aramburu v Midtown W. B., LLC, 126 AD3d 498, 501 [1st Dept 2015]).
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022



Footnotes

Footnote 1: Elk 22 Realty purchased the building from defendant Elk Realty Company.