Gutierrez v Turner Towers Tenants Corp. (2022 NY Slip Op 00722)





Gutierrez v Turner Towers Tenants Corp.


2022 NY Slip Op 00722


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 306800/12E Appeal No. 15209-15209A Case No. 2020-04814 2021-01917 

[*1]Michael Gutierrez, Plaintiff-Respondent,
v
Turner Towers Tenants Corp. et al., Defendants-Appellants, Triborough Scaffolding & Hoisting, Defendant-Respondent, Site Safety, LLC et al., Defendants.
JVS Exteriors Inc., Third-Party Plaintiff-Appellant,
v
Pofi Construction Company, Third-Party Defendant-Respondent. Case Nos.


Fern Flomenhaft PLLC, New York (Christopher G. Keane of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Michael Gutierrez, respondent.
Kiernan Trebach, LLP, Garden City (Thomas E. Fogarty of counsel), for Triborough Scaffolding & Hoisting, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Pofi Construction Company, respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about May 19, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff''s motion for partial summary judgment on the Labor Law § 240(1) claim against defendants Turner Towers Tenant Corp. (Turner) and JVS Exteriors Inc. (JVS), denied Turner and JVS's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and summary judgment on the claim against third-party defendant Pofi Construction Company (Pofi) for contractual indemnification and their cross claims against defendant Triborough Scaffolding & Hoisting (Triborough) for contribution and common-law indemnification, granted Triborough's motion for summary judgment dismissing Turner and JVS's cross claims, and granted Pofi's motion for summary judgment dismissing the third-party claim, unanimously modified, on the law, to deny Triborough's motion, and otherwise affirmed, without costs. Order, same court (Doris M. Gonzalez, J.), entered May 11, 2021, which denied Turner and JVS's motion to renew their motion for summary judgment on the contractual indemnification claim against Pofi, unanimously affirmed, without costs.
Plaintiff was injured when he fell from a sidewalk bridge after stepping on a rotted wood plank that broke beneath him. These facts demonstrate a prima facie violation of Labor Law § 240(1) by owner Turner and general contractor JVS (see Serrano v TED Gen. Contr., 157 AD3d 474, 474 [1st Dept 2018]; Barraco v First Lenox Terrace Assoc., 25 AD3d 427, 428 [1st Dept 2006]). Regardless of whether plaintiff's accident occurred when he was walking across the sidewalk bridge, as he testified, or stepping onto the rotted plank from the ladder he climbed to get to the top of the bridge, as described in the accident report, the plank he stepped on broke, and he had not been provided with a safety device to protect him from falling (see Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599, 600 [1st Dept 2020]; Augustyn v City of New York, 95 AD3d 683, 684 [1st Dept 2012]).
That the accident was unwitnessed does not bar summary judgment in plaintiff's favor, as there is nothing in the record that contradicts plaintiff's version of the accident or raises an issue as to his credibility (Serrano, 157 AD3d at 474). Nor do plaintiff's criminal convictions alone raise an issue regarding his credibility (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 410 [1st Dept 2013]).
In light of Turner and JVS's statutory violation, plaintiff cannot be the sole proximate cause of his accident (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 592-593 [1st Dept 2010]; Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008]). Any conduct on plaintiff's part would constitute comparative negligence, which is not a defense to a Labor Law § 240(1) claim (Romanczuk, 72 AD3d at 593; Cardona v New York City Hous. Auth., 153 AD3d 1179, 1180 [1st Dept 2017]). Contrary [*2]to Turner and JVS's argument, the record does not reflect that plaintiff was instructed to use a harness (see Cardona, 153 AD3d at 1179). Rather, the testimony they rely upon relates to an instruction plaintiff received at an entirely different project. Indeed, JVS's own witness conceded that the sidewalk bridge did not have a lifeline to attach a harness, testifying that "you don't usually have lifelines on top of a sidewalk bridge."
Triable issues as to whether JVS had the authority to control the activity that brought about plaintiff's alleged injury preclude summary dismissal of the Labor Law § 200 and common law negligence claims against Turner and JVS (see Voultepsis v Gumley-Haft-Klierer, Inc., 60 AD3d 524, 525 [1st Dept 2009]).
The court correctly dismissed JVS's contractual indemnity claim against Pofi, because Pofi did not expressly agree to indemnify JVS (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Nazario v 222 Broadway, LLC, 135 AD3d 506, 510 [1st Dept 2016], mod on other grounds 28 NY3d 1054 [2016]). The only agreement between JVS and Pofi in effect at the time of plaintiff's accident was the May 2012 subcontract agreement. There is no contractual indemnity obligation contained in the May 2012 subcontract that requires Pofi to indemnify any party. That Pofi named JVS as an additional insured has no bearing on its obligation to indemnify JVS (see Kinney v G. W. Lisk Co., 76 NY2d 215, 218 [1990]).
The court's dismissal of Turner and JVS's cross claims for contribution and common-law indemnification against Triborough while upholding plaintiff's negligence claims against Triborough, was premature (see Barraco v First Lenox Terrace Assoc., 25 AD3d at 429). Dismissal of the contribution claim deprives Turner and JVS of their right to recover a pro rata share of any damages awarded based on Triborough's liability (see Stone v Williams, 64 NY2d 639, 641 [1984]).
The court properly denied the renewal motion. The new evidence would not have changed the prior determination (see CPLR 2221 [e][2]; Prime Income Asset Mgt., Inc. v American Real Estate Holdings L.P., 82 AD3d 550, 551-552 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Turner and JVS also failed to proffer a reasonable excuse for not submitting the new evidence on the prior motion (CPLR 2221[e][3]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022