■ FRANCISCO AGEITOS et al., Respondents-Appellants, v CHATHAM TOWERS, INC., Respondent, and ROCKLEDGE SCAFFOLD CORP. et al., Appellants-Respondents. (And a Third-Party Action.) [681 NYS2d 520] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 28, 1998, which, insofar as appealed from, denied plaintiffs' motion and the main defendants' cross motions for summary judgment, unanimously modified, on the law, to grant plaintiffs partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendants building owner Chatham Towers, Inc. and general contractor Big Apple Restoration, Inc., and otherwise affirmed, without costs.

Although plaintiff's moving affidavit, which failed to address the reason he was walking on top of the sidewalk bridge from which he fell, is insufficient, by itself, to establish his entitlement to partial summary judgment as to liability under Labor Law § 240 (1), the transcript of his deposition, submitted by the general contractor in opposition to plaintiff's motion, shows that plaintiff was required to walk on the sidewalk bridge to perform his job on the building restoration project at which he was employed. Plaintiff's testimony that a plywood board on the sidewalk bridge gave way under him, causing him to fall

and sustain injury, is by itself sufficient to establish a prima facie case of liability against the building owner and the general contractor (*see, Noah v 270 Lafayette Assocs.*, 233 AD2d 108). Factual issues preclude the granting of the general contractor's cross motion for summary judgment on its cross claims for indemnification, as well as the cross motion by the supplier of the sidewalk bridge for summary judgment dismissing the complaint and all cross claims as against it. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.