■ Douglas Boles et al., Respondents, v Dormer Giant, Inc., Doing Business as Dormers Are Us, Defendant and Third-Party Plaintiff-Appellant. Personal Touch Home Improvements, Inc., Third-Party Defendant-Respondent. [772 NYS2d 612]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered March 27, 2003, which granted the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted the third-party defendant's separate motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action arises from an accident which occurred when the plaintiff Douglas Boles was working for the third-party defendant subcontractor, Personal Touch Home Improvements, Inc. (hereinafter Personal Touch), installing vinyl siding on a one-family house. The scaffold on which Boles was standing collapsed, causing him to fall to the ground and sustain injuries.

On a claim pursuant to Labor Law § 240 (1), "[p]roof of a collapse of a safety device constitutes a prima facie showing that the statute was violated and that the violation was a proximate cause of the worker's injuries" (*Dos Santos v State of New York,* 300 AD2d 434 [2002]; *see also Panek v County of Albany,* 99 NY2d 452, 458 [2003]; *Saeed v NY/Enterprise City Home Hous. Dev. Fund Corp.,* 303 AD2d 484 [2003]). The defendant third-party plaintiff, Dormer Giant, Inc., doing business as Dormers Are Us (hereinafter Dormer) failed to raise a triable issue of fact as to its liability.

The Supreme Court properly granted the separate motion of Personal Touch for summary judgment dismissing the third-party complaint. The evidence relied on by Personal Touch demonstrated that it was Boles's employer, since it had hired him for continuous, full-time work, paid him a salary each week based on an hourly rate, and had the power to control the means of completing the work (*see Matter of Ted Is Back Corp.,* 64 NY2d 725 [1984]; *Sikes v Chevron Cos.,* 173 AD2d 810 [1991]; *Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730 [1984]). In response to the prima facie showing of entitlement to summary judgment by Personal Touch, Dormer failed to raise a triable issue of fact. Therefore, since Boles did not sustain a "grave injury," the third-party action by Dormer against Personal Touch for contribution or indemnity is barred as a matter of law (*see* Workers' Compensation Law § 11; *Schuler v Kings Plaza Shopping Ctr. & Mar.,* 294 AD2d 556 [2002]). That statutory bar, unlike the bar on personal

injury actions by employees, is not affected by the failure of Personal Touch to secure the payment of workers' compensation for Boles (*see* Workers' Compensation Law § 11). Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.