[825 NE2d 590, 792 NYS2d 375]

DOUGLAS BOLES et al., Plaintiffs, v DORMER GIANT, INC., Doing Business as DORMERS ARE US, Defendant and Third-Party Plaintiff-Appellant. PERSONAL TOUCH HOME IMPROVEMENTS, INC., Third-Party Defendant-Respondent.

Argued January 11, 2005; decided February 22, 2005

### POINTS OF COUNSEL

*Baxter & Smith, P.C.,* Jericho (*Sim R. Shapiro* and *Robert C. Baxter* of counsel), for third-party plaintiff-appellant. I. Since third-party defendant-respondent did not purchase workers' compensation insurance for its employee, Douglas Boles, it is not entitled to the benefit of the statutory bar of third-party actions pursuant to Workers' Compensation Law § 11. (*Castro v United Container Mach. Group,* 96 NY2d 398; *Dole v Dow Chem. Co.,* 30 NY2d 143; *Barbieri v Mount Sinai Hosp.,* 264 AD2d 1.) II. Since the court of original jurisdiction for the determination of the employer-employee relationship is the Workers' Compensation Board, this matter should be remanded to the Workers' Compensation Board for the purpose of determining whether Douglas Boles was an employee or independent contractor of Personal Touch Home Improvements, Inc. (*Botwinick v Ogden,* 59 NY2d 909; *Calhoun v Big Apple Wrecking Corp.,* 162 AD2d 574; *Decavallas v Pappantoniou,* 300 AD2d 617; *O'Rourke v Long,* 41 NY2d 219; *Matter of Wint v Hotel Waldorf Astoria,* 251 AD2d 696; *Karakaya v Better Energy Group,* 201 AD2d 419; *Oro v General Motors Corp.,* 277 AD2d 437.)

*Shayne, Dachs, Stanisci, Corker & Sauer,* Mineola (*Norman H. Dachs* of counsel), for third-party defendant-respondent. I. The statutory exemption is applicable notwithstanding Personal Touch Home Improvement, Inc.'s failure to purchase workers' compensation coverage. (*American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Dole v Dow Chem. Co.,* 30 NY2d 143; *Lawrence Constr. Corp. v State of New York,* 293 NY 634; *Desiderio v Ochs,* 100 NY2d 159; *Pajak v Pajak,* 56 NY2d 394; *Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale,* 239 AD2d 373; *Todisco v Economopouly,* 155 AD2d 441; *People v Chapman,* 69 NY2d 497.) II. The issue of plaintiff's status was properly determined by the lower courts in this action and should not be reviewed by this Court. (*Scheemaker v State of New York,* 70 NY2d 985; *Murray v City of New York,* 43 NY2d 400; *Shine v Duncan Petroleum Transp.,* 60 NY2d 22; *Levine v State of New York,* 105 AD2d 289; *O'Rourke v Long,* 41 NY2d 219; *Botwinick v Ogden,* 59 NY2d 909; *Matter of Hertz Corp. [Commissioner of Labor],* 2 NY3d

733; *Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635; *Sabato v New York Life Ins. Co.,* 259 AD2d 535; *Long v Danforth Co.,* 236 AD2d 781.)

### OPINION OF THE COURT

READ, J.

Workers' Compensation Law § 11 limits an employer's liability to third parties for contribution or indemnity to those cases of workplace injury where its employee has suffered a grave injury. This appeal calls upon us to decide whether section 11 shields an employer that has failed to secure workers' compensation for its injured employee. For the reasons that follow, we conclude that such an employer does not enjoy the protection from third-party liability afforded by section 11.

### I.

On April 5, 2001, plaintiff Douglas Boles was installing vinyl siding on a two-story one-family house when the scaffold on which he was standing collapsed, causing him to fall eight feet to the ground and suffer a crush injury of his right foot with multiple fractures, ankle dislocation and related nerve damage. The homeowners on whose house plaintiff was installing the siding had hired the Dormer Giant, Inc., doing business as Dormers Are Us, as their general contractor for this remodeling project. Dormer Giant subcontracted the siding work to Personal Touch Home Improvements, Inc., and plaintiff was working for Personal Touch at the time of his accident.

Plaintiff, with his wife suing derivatively, commenced a personal injury action against Dormer Giant, the general contractor. Dormer Giant, in turn, brought a third-party action against the subcontractor, Personal Touch, seeking, among other things, common-law indemnification and contribution. When plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1), Personal Touch cross-moved against Dormer Giant for summary judgment to dismiss the third-party complaint on the basis that Dormer Giant's claim for common-law indemnification and contribution was barred by Workers' Compensation Law § 11. Dormer Giant opposed the motion, arguing that section 11 did not apply because plaintiff was a self-employed, independent contractor, not an employee of Personal Touch; or, alternatively, that section 11 did not bar the third-party action because Personal Touch had failed to secure workers' compensation for plaintiff.

Supreme Court granted plaintiff's motion for partial summary judgment "to the extent that it shall be deemed resolved that [Dormer Giant's] violation of Labor Law [§] 240 (1) was the sole proximate cause of plaintiff's fall"; and granted Personal Touch's cross motion for summary judgment dismissing the third-party complaint. The trial court held that there was "no real question but that plaintiff was an employee of [Personal Touch] and [Dormer Giant's] claims are barred by [section 11]."

On appeal, Dormer Giant argued that plaintiff was not an employee of Personal Touch or, alternatively, that the question of whether he was an employee should have been determined initially by the Workers' Compensation Board, not the courts;[1] and that, in any event, plaintiff's use of a makeshift scaffold was the sole proximate cause of his fall. Dormer Giant also again contended that Personal Touch should not benefit from the protection of section 11 of the Workers' Compensation Law because it did not secure workers' compensation for plaintiff.

The Appellate Division affirmed (5 AD3d 417 [2d Dept 2004]), concluding that Dormer Giant had failed to raise a triable issue of fact as to its liability under the Labor Law; that Personal Touch was plaintiff's employer; and that plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11. Opining that the "statutory bar [under section 11], unlike the bar on personal injury actions by employees, is not affected by the failure of Personal Touch to secure the payment of workers' compensation for [plaintiff]" (*id.* at 418-419), the Appellate Division affirmed Supreme Court's dismissal of Dormer Giant's third-party complaint against Personal Touch. We granted Dormer Giant's motion for leave to appeal the dismissal, and now reverse.

## II.

Section 10 (1) of the Workers' Compensation Law provides that "[e]very employer subject to this chapter shall . . . secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury . . . ."

---

**1.** Because Dormer Giant did not raise this alternative argument until its brief in the Appellate Division, it is unpreserved for our review (*see Parkin v Cornell Univ.*, 78 NY2d 523, 530-531 [1991]; *McMillan v State of New York*, 72 NY2d 871 [1988]).

Section 11, entitled "Alternative Remedy," is composed of several undesignated paragraphs, the first of which specifies that

> "[t]he liability of an employer prescribed by [section 10] shall be exclusive and in place of any other liability whatsoever, to such employee . . . or any person otherwise entitled to recover damages, contribution or indemnity . . . *except that if an employer fails to secure the payment of compensation for his or her injured employees and their dependents as provided in section fifty of this chapter,*[2] *an injured employee . . . may, at his or her option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury . . .*" (emphasis added).

This provision derives from section 11 in the original Workers' Compensation Law enacted in 1913 (*see* L 1913, ch 816; *see also* L 1922, ch 615). The emphasized wording has changed hardly at all and its substance has remained unchanged in the ensuing decades.

The third paragraph of section 11 was enacted in 1996 as part of the Omnibus Workers' Compensation Reform Act. This paragraph provides that "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment," unless the employee suffered a "grave injury" as defined by the statute.

Personal Touch emphasizes that the first paragraph of section 11 expressly authorizes an injured employee to sue an employer that fails to secure workers' compensation. Pointing out that this is the singular so-called "exception" in section 11, Personal Touch reasons that the Legislature did not similarly intend to condition an employer's immunity from third-party liability on the securing of workers' compensation. Dormer Giant takes the position that an employer may not benefit from section 11's protections against third-party liability unless it first complies with section 10 and secures workers' compensation for its employees. We agree with Dormer Giant.

---

**2.** Section 50 specifies three options for an employer to provide for payment of workers' compensation benefits to its employees: a workers' compensation insurance policy purchased from an insurance company authorized by the Superintendent of Insurance to provide this coverage; a policy purchased from the State Insurance Fund; and self-insurance as authorized by the Chair of the Workers' Compensation Board.

Long after the Workers' Compensation Law was originally enacted, we decided *Dole v Dow Chem. Co.* (30 NY2d 143 [1972]), which recognized the right of a third party to seek contribution or indemnity from an employer for its employees' on-the-job injuries. In adopting the third paragraph of section 11 in 1996, the Legislature sought to reduce employers' insurance premiums by restricting such third-party suits to those situations where the employee suffered a "grave injury" (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584-585 [1998]). As we observed in *Castro v United Container Mach. Group* (96 NY2d 398, 401-402 [2001], quoting Governor's Mem approving L 1996, ch 635, 1996 NY Legis Ann at 460), the 1996 legislation was the result of a conscious deal struck between labor and management: "[T]he bill restores the basis of the bargain between business and labor—that workers obtain necessary medical care benefits and compensation for workplace injuries regardless of fault while employers obtain a degree of economic protection from devastating lawsuits." Indeed, "[t]he central component of the reform initiative was relief in the form of immunization from tort liability to employers . . . *who provide workers' compensation coverage*" (*Castro*, 96 NY2d at 401 [emphasis added]).

In view of the deal struck between labor and management in 1996 and the Legislature's desire to revive the statute's original purpose, we read the term "[a]n employer" in the third paragraph of section 11 to mean employers that comply with section 10 and secure workers' compensation for their employees. This is consistent with the first paragraph of section 11, which conditions an employer's protection from employee lawsuits—the employer's only potential tort exposure for an employee's workplace injuries prior to *Dole*—on the securing of workers' compensation for its employees.

Under Personal Touch's reading of the statute, an employer would have had exposure to third-party liability under *Dole* when workers' compensation was not secured for the injured employee, and the 1996 legislation freed the noncompliant employer from such tort liability. This proposition makes no sense. Employers that do not secure workers' compensation for their employees are not holding up their end of the bargain between business and labor that undergirds section 11. The Legislature cannot have intended to extend the statute's heavily negotiated protections from third-party liability to scofflaws, which would be unfair to law-abiding employers and might discourage compliance with section 10.

Accordingly, the order of the Appellate Division should be reversed, with costs, and third-party defendant Personal Touch's motion for summary judgment dismissing the third-party complaint should be denied.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO and R.S. SMITH concur; Judge ROSENBLATT taking no part.

Order reversed, etc.