■ RUBIN REINOSO, Plaintiff, v ORNSTEIN LAYTON MANAGEMENT, INC., et al., Defendants, and OL MILLER PLACE, LLC, Defendant and Third-Party Plaintiff. R.N.A. VENTURES, INC., Third-Party Defendant-Respondent; F.A.L. CONSTRUCTION CORP., Third-Party Defendant-Appellant. [823 NYS2d 517]—

In an action to recover damages for personal injuries, the third-party defendant, F.A.L. Construction Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated November 9, 2005, as denied that branch of its motion which was for summary judgment dismissing the causes of action asserted against it for common-law contribution and indemnification in the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the third-party defendant which was for summary judgment dismissing the causes of action asserted against it for common-law contribution and indemnification in the third-party complaint is granted.

The plaintiff, an employee of the third-party defendant, F.A.L. Construction Corp. (hereinafter FAL), was injured while working at a construction site, when he stepped on an improperly-secured floor board that shifted, causing him to fall from the second floor to the basement. The plaintiff commenced this action to recover damages for personal injuries against, among others, the owners of the construction site, OL Miller Place, LLC (hereinafter OL Miller), which then commenced a third-party action against the general contractor, the third-party defendant, R.N.A. Ventures, Inc. (hereinafter RNA). RNA then commenced a third-party action against the plaintiff's employer, FAL, asserting claims against it for common-law contribution and indemnification and contractual indemnification.

FAL established prima facie that the plaintiff did not sustain a "grave injury" as defined by Workers' Compensation Law § 11 (*see Jarvis v Crotona Assoc., LLC,* 14 AD3d 423 [2005]; *Blackburn v Wysong & Miles Co.,* 11 AD3d 421, 422 [2004]; *Fitzpatrick v Chase Manhattan Bank,* 285 AD2d 487 [2001]; *Angwin v SRF Partnership,* 285 AD2d 568 [2001]). Moreover, FAL submitted unrefuted evidence that it had obtained a policy of workers' compensation insurance that was in effect at the time of the plaintiff's accident (*cf. Boles v Dormer Giant, Inc.,* 4 NY3d 235 [2005]). In response RNA failed to produce any evidence to raise a triable issue of fact as to whether the plaintiff sustained a "grave injury" (*see Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636 [2001]).

Accordingly, the Supreme Court erred in denying that branch of the motion of FAL which was for summary judgment dismissing the third-party causes of action asserted against it for common-law contribution and indemnification. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.