■ ZBIGNIEW AUGUSTYN et al., Appellants, v CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK et al., Third-Party Plaintiffs, v AAAA ASBESTOS ABATEMENT SERVICES CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [944 NYS2d 146]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 6, 2011, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim, granted the motion of defendants City of New York and New York City Department of Design and Construction (collectively the City) for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240 (1) claims asserted against them, and, upon a search of the record, granted defendant Dean Builders Group, Inc. summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240 (1) claims asserted against it, unanimously modified, on the law, to deny the City's motion insofar as it sought summary judgment dismissing the Labor Law § 240 (1) claim, reinstate that claim as against the City and Dean, and grant plaintiffs' motion for partial summary judgment on the issue of liability on the section 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff Zbigniew Augustyn allegedly sustained injuries when he fell from a sidewalk bridge while engaging in lead paint removal work at a building owned by the City. Dean was the general contractor, and plaintiff was the foreman for subcontractor AAAA Asbestos Abatement Services Corp.

Contrary to Dean's and AAAA's contention, plaintiff was engaged in protected activity under Labor Law § 240 (1) at the time he fell from the sidewalk bridge. Although he was not removing lead paint from a fire escape at the time of the fall, he was walking across the bridge to set up a tent in preparation for lead paint removal work at another fire escape. This work was part of the overall lead paint removal project and was performed at an elevated level, thus requiring proper protection from falling off the bridge (*see Morales v Spring Scaffolding, Inc.*, 24 AD3d 42, 48 [2005]; *Ageitos v Chatham Towers*, 256 AD2d 156 [1998]; *see also Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]).

Plaintiff made a prima facie showing that the City and Dean violated Labor Law § 240 (1) by failing to provide adequate safety devices, and that such violation proximately caused his injuries. Although plaintiff could not remember how he fell, he submitted evidence showing that he could have fallen when the sidewalk bridge partially collapsed under him, through an existing hole, or through a gap between the facade of the building and the bridge. Under any of the proffered theories, plaintiff showed that the absence of protective devices proximately caused his injuries (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d

279 [2005]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [2002]; *John v Baharestani*, 281 AD2d 114, 118-119 [2001]).

In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Contrary to Dean's and AAAA's contention, the evidence does not show that plaintiff was expected to, or instructed to, use a harness while walking along the sidewalk bridge (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 10 [2011]; *Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]). Rather, plaintiff and the owner of AAAA testified that the harnesses were available for use only on the fire escapes, that workers were not expected to use harnesses while on the sidewalk bridge, and that no rigging existed for the use of harnesses on the bridge.

Although plaintiff was not required to show that defendants exercised supervision and control over his work (*see Espinosa v Azure Holdings II, LP*, 58 AD3d 287, 291 n [2008]), his common-law negligence and Labor Law § 200 claims were properly dismissed, as there is no evidence showing that defendants created or had actual or constructive notice of a hazardous condition on the sidewalk bridge. In fact, plaintiff testified that he did not notice any defects in the sidewalk bridge before the accident. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 30825(U).]**