■ PHILLIP MATTHEWS, Appellant, v 400 FIFTH REALTY LLC et al., Respondents. [974 NYS2d 370]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 18, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and granted defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims to the extent asserted against defendant Pavarini McGovern LLC (Paravini), unanimously reversed, on the law, without costs, plaintiff's cross motion granted and defendants' motion denied.

Plaintiff was injured when a metal grate fell on him while he was working in the elevator shaft of a building owned by defendant 400 Fifth Realty. 400 Fifth Realty retained defendant Paravini as the construction manager for construction of the building. Pavarini subcontracted with nonparty Fujitec Serge (plaintiff's employer) to install the elevators in the building, and with defendant GC Ironworks (GCI) to install, among other things, iron-grate platforms in the elevator shafts.

Plaintiff is entitled to partial summary judgment on the issue of liability as to his Labor Law § 240 (1) cause of action. The evidence shows that plaintiff's injuries flowed directly from the application of the force of gravity to the grate (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]), and were caused by defendants' failure to adequately secure the grate so as to prevent it from falling (*see Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479 [1st Dept 2007]). GCI's foreman testified that the accident occurred while he was setting up the grates to prepare

them for welding, and that the subject grate fell because it had not yet been welded in place. Contrary to defendants' contention, the falling grate was not an inherent risk involved in working at a construction site. Rather, the grate was part of the work of the construction project in which plaintiff was engaged and was required to be secured "for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]).

The untimeliness of plaintiff's cross motion does not preclude summary judgment on the issue of section 240 (1) liability. In the course of reviewing defendants' motion, this Court may search the record and grant summary judgment to any party without the necessity of a cross motion (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280 [1st Dept 2006], *appeal dismissed* 9 NY3d 862 [2007]).

To the extent the motion court concluded that plaintiff must show that the object fell while being hoisted or secured in order to prevail on the section 240 (1) claim, the Court of Appeals has stated that " 'falling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]).

The court also erred in dismissing the Labor Law § 200 and common-law negligence claims insofar as asserted against construction manager Paravini. The evidence indicates that Paravini managed the day-to-day activities on the job site, and exercised at least some control over the coordination of GCI's and Fujitec's work, enabling it "to avoid or correct [the] unsafe condition" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998] [emphasis omitted]) that arose when both subcontractors were working simultaneously in the same elevator shaft. Concur—Moskowitz, J.P., Renwick, DeGrasse and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 31884(U).]**