■ JEREMIAH FRANCIS, Respondent, v PLAZA CONSTRUCTION CORP., Appellant/Third-Party Plaintiff-Appellant. SAGE ELECTRICAL CONTRACTING, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [994 NYS2d 74]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 26, 2013, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff Plaza Construction Corp.'s motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and denied Plaza's motion for summary judgment on its contractual and common-law indemnification claims against third-party defendant Sage Electrical Contracting, Inc.,

unanimously modified, on the law, to the extent of granting Plaza's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and granting Plaza's motion for summary judgment on its contractual indemnification claims against Sage, and otherwise affirmed, without costs.

The record demonstrates that plaintiff's injury was caused by the manner in which work was being performed by Sage (the electrical contractor), not by a defect or dangerous condition existing on the premises, and that Plaza did not exercise supervision or control over the injury-producing work (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]). That Plaza had a representative who would walk the site on a daily basis and had the authority to stop work for safety reasons is insufficient to raise a triable issue of fact with respect to whether Plaza exercised the requisite degree of supervision and control to sustain a Labor Law § 200 or common-law negligence claim (*see Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476, 477-478 [1st Dept 2011]). There is no evidence that Plaza's employees ever gave specific instructions to plaintiff, his employer (a subcontractor on the site), Sage, or any of the other subcontractors working on the deck at the time of the accident (*id.*). Moreover, the deposition testimony showed that Plaza was not responsible for removing or clearing the piece of electrical conduit that allegedly caused plaintiff to trip.

The indemnity provision at issue provides, in relevant part, that Sage will indemnify Plaza for any liability or claims arising out of or connected with the performance of work by Sage. Since plaintiff's accident was, at least in part, caused by or occurred in connection with Sage's work of installing electrical conduit on the deck, Plaza is entitled to unconditional indemnification from Sage (*see Guzman v 170 W. End Ave. Assoc.*, 115 AD3d 462, 463 [1st Dept 2014]). The indemnification provision is enforceable, as it expressly excludes indemnity for any claims caused by Plaza's "own negligence if not permitted by law" (*see id.* at 463-464; *see also* General Obligations Law § 5-322.1 [1]). Moreover, there is no view of the evidence that Plaza was negligent (*see Guzman*, 115 AD3d at 464).

The court properly denied the branch of Plaza's motion that sought summary judgment on its common-law indemnification claim against Sage. Given that plaintiff has an outstanding Labor Law § 241 (6) claim against Plaza, Plaza cannot not show, at this juncture, that it has been held vicariously liable for Sage's acts or omissions (*see Naughton v City of New York*, 94

AD3d 1, 10 [1st Dept 2012]). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ. ▮