■ WILLIAM McCREA et al., Respondents, v ARNLIE REALTY COMPANY LLC, Appellant/Third-Party Plaintiff-Appellant, et al., Defendant. BRINK ELEVATOR CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [33 NYS3d 40]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 11, 2015, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Arnlie Realty Company LLC (Arnlie) for summary judgment dismissing the Labor Law §§ 240 (1) and 200 claims, granted plaintiffs' cross motion for partial summary judgment on their Labor Law § 240 (1) claim, granted the motion of third-party defendant Brink Elevator Corp. (Brink) for summary judgment dismissing Arnlie's common-law indemnification claim, and, upon a search of the record, granted plaintiffs partial summary judgment on their Labor Law § 200 claim, unanimously modified, on the law, to deny Brink's motion, and to vacate that part of the order granting plaintiffs partial summary judgment on the Labor Law § 200 claim, and otherwise affirmed, without costs.

Plaintiff William McCrea, an elevator repairman employed by Brink, was injured when an elevator fell on top of him inside a building owned by Arnlie. Because "workers 'are scarcely in a position to protect themselves from accident[s]' " (*Cherry v Time Warner, Inc.*, 66 AD3d 233, 235 [1st Dept 2009], quoting *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985], and *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318 [1948]), Labor Law § 240 (1) is to be construed liberally in order to accomplish its intended purpose (*Zimmer v Chemung County Performing Arts*, 65 NY2d at 521; *Cherry v Time Warner, Inc.*, 66 AD3d at 235-236).

The evidence here establishes that at the time of the accident, McCrea was engaged in "repair" work because the elevator's safety shoes were not operating properly, and the condition was an isolated event, unrelated to normal wear and tear (*see Dos Santos v Consolidated Edison of N.Y., Inc.*, 104 AD3d 606, 607 [1st Dept 2013]; *Pieri v B&B Welch Assoc.*, 74 AD3d 1727, 1728-1729 [4th Dept 2010]). In addition, the elevator was a "falling object" within the meaning of the Labor Law, even though it was not actually being hoisted or secured at the time of the accident, because it required securing for the purpose of McCrea's repair work (*see Matthews v 400 Fifth Realty LLC*, 111 AD3d 405, 406 [1st Dept 2013]).

As plaintiff was engaged in activity protected by Labor Law § 240 (1) at the time of the incident, Arnlie, as owner of the building, is subject to absolute liability for injuries which resulted from its failure to provide plaintiff with proper safety

devices (*Cherry v Time Warner, Inc.*, 66 AD3d at 236), without regard to the comparative fault of plaintiff (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). Where the worker is the sole proximate cause of the injury, however, the premises owner will not be liable (*Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]). "[T]o raise a triable issue of fact as to whether a plaintiff was the sole proximate cause of an accident, the defendant must produce evidence that adequate safety devices were available, that the plaintiff knew that they were available and was expected to use them, and that the plaintiff unreasonably chose not to do so, causing the injury sustained" (*Quinones v Olmstead Props., Inc.*, 133 AD3d 87, 89 [1st Dept 2015], quoting *Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 402-403 [1st Dept 2013]).

Here, there is no indication that plaintiff refused or misused available safety equipment. The record is devoid of evidence that plaintiff was aware of the "kill switch" located in the building superintendent's office, and it is uncontroverted that the superintendent failed to alert him to the location of the switch or remain on the premises while the repair was ongoing, as required by the service contract (*cf. Quinones v Olmstead Props., Inc.*, 133 AD3d at 89 [triable issue of fact raised as to whether the plaintiff's conduct was sole proximate cause of accident where the "plaintiff was supplied with four safety devices and chose not to use any of them"]). The comparative fault of plaintiff, if any, in proceeding with the repair after triggering the dual relay switches, which were the only safety devices of which he was aware, does not relieve Arnlie of its absolute liability under the statute. Thus, the court properly granted summary judgment to plaintiffs on the Labor Law § 240 (1) claim.

The court properly denied Arnlie's motion for summary judgment dismissing the Labor Law § 200 claim because there are issues of fact as to whether Arnlie had supervisory control over the means and methods of McCrea's work (*see Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003]). For the same reason, the record does not warrant the grant of partial summary judgment in favor of plaintiffs on the section 200 claim. Even though the service agreement between Arnlie and Brink provided that Arnlie would shut off the power to the elevator in the case of repair, there are triable issues as to whether the parties' course of conduct under this agreement waived or altered this provision (*see Echevarria v 158th St. Riverside Dr. Hous. Co., Inc.*, 113 AD3d 500, 501 [1st Dept 2014]). Plaintiffs also failed to conclusively establish that Arnlie or its "employees

ever gave specific instructions to" McCrea (*Francis v Plaza Constr. Corp.*, 121 AD3d 427, 428 [1st Dept 2014]; *compare Maza v University Ave. Dev. Corp.*, 13 AD3d 65 [1st Dept 2004]).

Furthermore, the court erred in dismissing Arnlie's common-law indemnification claim against Brink because there are issues of fact as to whether Brink purchased workers' compensation insurance for McCrea (*see* Workers' Compensation Law § 11; *Boles v Dormer Giant, Inc.*, 4 NY3d 235, 240 [2005]), and as to whether Arnlie was negligent with respect to whether it actually exercised supervision or control over McCrea's work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.