■ DONIZETE JOSE DEFREITAS, Respondent, v PENTA PAINTING & DECORATING CORP. et al., Defendants, and ARTHUR LANGE INC., Appellant. (And a Third-Party Action.) [45 NYS3d 83]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 23, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim as against defendant Arthur Lange Inc., unanimously affirmed, without costs.

Plaintiff made a prima facie showing of his entitlement to partial summary judgment on his Labor Law § 240 (1) claim through his own deposition testimony and affidavit, in which he stated that the wooden plank he used to traverse a gap between the roof on which he had been standing and an adjacent retaining wall unexpectedly collapsed when he was halfway across it, causing him to fall to the ground (*see*

*Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 6, 8-9 [1st Dept 2011]; *Ageitos v Chatham Towers*, 256 AD2d 156, 156-157 [1st Dept 1998]).

In opposition, defendant general contractor failed to raise an issue of fact. The alleged discrepancies between plaintiff's account of the accident and the accounts of two of plaintiff's coworkers are irrevelant to plaintiff's central contention that he fell when the plank collapsed, and that he was not provided with proper protection (*see Ortiz v Burke Ave. Realty, Inc.*, 126 AD3d 577, 578 [1st Dept 2015]; *Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592, 592 [1st Dept 2010]). Moreover, defendant raised no issues of fact as to whether plaintiff was the sole proximate cause of the accident. Even assuming the presence of additional safety devices at the work site, there was no evidence that plaintiff was aware of their availability or that he was expected to use them (*see Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *McCrea v Arnlie Realty Co. LLC*, 140 AD3d 427, 429 [1st Dept 2016]).

We have considered defendant's remaining contentions, including its arguments regarding the alleged defects in plaintiff's motion papers, and find them unavailing. Concur— Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.