Monfredo v Arnell Constr. Corp. (2019 NY Slip Op 02997)





Monfredo v Arnell Constr. Corp.


2019 NY Slip Op 02997


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9064 304302/15

[*1]Vincent Monfredo, et al., Plaintiffs-Respondents,
v
Arnell Construction Corp., et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for appellants.
Alexander J. Wulwick, New York, for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered April 10, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiffs Vincent Monfredo and Heidy Monfredo's cross motion for partial summary judgment on the issue of liability as to Labor Law § 240(1), and denied that portion of defendants Arnell Construction Corp., the Department of Education of the City of New York, and New York City School Construction Authority's motion for summary judgment, which sought dismissal of plaintiffs' Labor Law §§ 240(1) and 241(6) claims, the latter as predicated on an alleged violation of 12 NYCRR § 23-5.3(e), unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 241(6) claim, and otherwise affirmed, without costs.
The motion court properly granted partial summary judgment to plaintiffs on the issue of liability as to Labor Law § 240(1), as the statute does not require a complete fall from an elevated safety device for an event to come within its protection (see Messina v City of New York, 148 AD3d 493 [1st Dept 2017]). Conversely, it properly denied that portion of defendants' motion that sought summary dismissal of plaintiffs' section 240(1) claim (see Augustyn v City of New York, 95 AD3d 683 [1st Dept 2012]).
However, plaintiffs' Labor Law § 241(6) claim pursuant to Industrial Code § 23-5.3(e) is not viable, as the record shows that the scaffold in question was not elevated more than seven feet (12 NYCRR 23-5.1[j][1]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK