Gilligan v CJS Bldrs. (2019 NY Slip Op 09105)





Gilligan v CJS Bldrs.


2019 NY Slip Op 09105


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10619 154536/15

[*1] John Gilligan, et al., Plaintiffs,
v CJS Builders, et al., Defendants-Respondents, CJS Industries Ltd., et al., Defendants. [And a Third-Party Action.]
CJS Industries, Inc., etc., Second Third-Party Plaintiff-Respondent,
v
Complete Construction Contracting Corp., Second Third-Party Defendant-Appellant.
11 West 42 Realty Investors, LLC, Third Third-Party Plaintiff,
v
Complete Construction Contracting Corp., Third Third-Party Defendant-Appellant.


Hannum Feretic Prendergast & Melino, LLC, New York (Steven R. Dyki of counsel), for appellant.
Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered March 30, 2018, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendant/second third-party plaintiff CJS Industries, Inc. t/a CJS Builders (CJS) for summary judgment dismissing plaintiffs' common-law negligence and Labor Law § 200 claims as against it, and on its third-party claim for contractual indemnity against second and third third-party defendant Complete Construction Contracting Corp. (Complete), unanimously affirmed, without costs.
Plaintiff John Gilligan was injured when he fell several feet from a scaffold. This accident arose out of the means and methods of his work, and not, as Complete contends, a dangerous or defective premises condition (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Accordingly, since CJS showed that it did not exercise the requisite degree of control over the means and methods of the work in which Gilligan was engaged at the time of his accident, CJS was entitled to summary judgment dismissing the common-law negligence and Labor Law § 200 claims (see Francis v Plaza Constr. Corp., 121 AD3d 427, 428 [1st Dept 2014]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]).
In view of the foregoing, CJS also established its entitlement to full contractual indemnification from Complete pursuant to the express terms of its indemnification agreement (see Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463 [1st Dept 2014]; see generally Masciotta v Morse Diesel Intl., 303 AD2d 309, 310 [1st Dept 2003]).
We have considered Complete's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK