Hovorka v Applied Prods. Co., Inc. (2021 NY Slip Op 06443)





Hovorka v Applied Prods. Co., Inc.


2021 NY Slip Op 06443


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 24708/15E Appeal No. 14636-14636A Case No. 2020-02635 

[*1]Shane Hovorka, Plaintiff-Respondent,
v
Applied Products Company, Inc., et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellants.
Scaffidi & Associates, New York (James F. Scaffidi of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Howard H. Sherman, J.), entered November 25, 2019, in favor of plaintiff as to liability on the Labor Law § 240(1) claim, and order, same court and Justice, entered July 13, 2020, to the extent that, upon reargument of plaintiff's motion for summary judgment as to the Labor Law § 240(1) claim, it adhered to the prior determination, unanimously affirmed, without costs.
Supreme Court properly granted plaintiff summary judgment on his Labor Law § 240(1) claim because plaintiff has shown that he fell while walking along an elevated retaining wall to access a job site. This activity presents the type of elevation related risk contemplated by the statute, which could have been mitigated by providing the type of protective devices listed in § 240(1) (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]; see also DeFreitas v Penta Painting & Decorating Corp., 146 AD3d 573 [1st Dept 2017]; Arrasti v HRH Constr. LLC, 60 AD3d 582 [1st Dept 2009]).
In response, defendants failed to raise an issue of fact sufficient to defeat plaintiff's motion. Defendants' assertion that the presence of ice removed plaintiff's fall from the scope of Labor Law § 240(1) is without merit because the statute applies to situations where a slippery surface combined with an elevation hazard proximately causes a plaintiff's injury (see Landi v SDS William St., LLC, 146 AD3d 33 [1st Dept 2016]).Defendants' argument that plaintiff is the sole proximate cause of the accident is also without merit. Plaintiff, an ironworker, was not responsible for removing the snow and debris that predated the project that would enable him to traverse the hillside instead of the wall. We need not consider plaintiff's remaining claims involving Labor Law §§ 241 (6) and 200.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021