Luna v Brodcom W. Dev. Co. LLC (2022 NY Slip Op 02873)

Luna v Brodcom W. Dev. Co. LLC

2022 NY Slip Op 02873

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 101340/15 Appeal No. 15817-15817A Case No. 2021-01454 2021-01638 

[*1]Carmen Lezcano Luna, as Administratrix of the Estate of Johnny Luna, deceased, et al., Plaintiffs-Respondents-Appellants,
v
Brodcom West Development Company LLC et al., Defendants-Appellants-Respondents.
Brodcom West Development Company LLC et al., Third-Party Plaintiffs-Appellants,
v
P.S. Marcato Elevator Co., Inc., Third-Party Defendant-Appellant.

Black Marjieh & Sanford LLP, Elmsford (Lisa J. Black of counsel), for Brodcom West Development Company LLC and Brodsky Organization LLC, appellants-respondents/appellants.
Miller, Leiby & Associates, P.C., New York (Jack Gross of counsel), for PS Marcato Elevator Co., Inc., appellant.
Asta & Associates, P.C., New York (Michael J. Asta of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about December 14, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim and denied plaintiff's motion for summary judgment as to liability on that claim, unanimously modified, on the law, to grant defendants' motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint. Order, same court and Justice, entered on or about December 14, 2020, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion for summary judgment dismissing the third-party claims for contractual indemnification, common-law indemnification, and common-law contribution, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the third-party complaint.
Plaintiff's decedent, an elevator mechanic, entered an elevator shaft on the lobby level, under an elevator that he had sent to one of the floors above. After the shaft doors closed, the call button was pressed, and the elevator descended to the lobby, crushing the decedent. The parties agree that the elevator was working normally, in the "automatic" setting, at the time of the accident.
The Labor Law § 240(1) claim must be dismissed because the elevator did not "fall" as a result of the force of gravity but descended in automatic mode, as it was designed to do (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; see also Nevins v Essex Owners Corp., 276 AD2d 315, 317 [1st Dept 2000] [elevator "sent into descent by (the) plaintiff himself . . . was not a falling object"], lv denied 96 NY2d 705 [2001]; compare McCrea v Arnlie Realty Co. LLC, 140 AD3d 427, 428 [1st Dept 2016] [finding § 240(1) liability where elevator was not operating normally and was not secured for purpose of repair work]).
Because all claims against defendants must be dismissed, there can be no finding of liability against third-party defendant.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022