Ruiz v Phipps Houses (2023 NY Slip Op 02627)

Ruiz v Phipps Houses

2023 NY Slip Op 02627

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 22896/20E Appeal No. 260 Case No. 2022-01863 

[*1]Harold Danilo Ruiz, Plaintiff-Respondent,
v
Phipps Houses et al., Defendants-Appellants.

Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 5, 2022, which granted plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.
Plaintiff was injured when a heavy scaffolding pole, which was approximately 10 to 14 feet tall and 9 inches in diameter, weighing 80 to 100 pounds, fell on his head and shoulder while he was working at a construction site. According to the deposition testimony, one of plaintiff's coworkers was trying to hold the pole upright but could not do so because it was not secured.
Plaintiff established his prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) cause of action, as the evidence shows that his injuries were caused by defendant's failure to secure the scaffolding pole to keep it from falling and flowed directly from the application of the force of gravity to the pole (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9-10 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]). Furthermore, contrary to defendants' position, the pole fell from a distance that was not de minimis, as the pole was made of iron and was able to generate a large amount of force during its descent (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]). As a result, plaintiff sustained his burden of showing that his injury arose from an elevation risk contemplated by the statute (see Matthews v 400 Fifth Realty LLC, 111 AD3d 405, 406 [1st Dept 2013]). In opposition, defendant failed to submit evidence raising a triable issue of fact regarding whether § 240(1) entitled plaintiff to damages for his injuries.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023