# Cabrera v Greene Package Realty LLC

2024 NY Slip Op 31103(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 162232/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**       PART       47

*Justice*

-----------------------------------------------------------------------------------X

LUIS CABRERA,

                             Plaintiff,

                      - v -

GREENE PACKAGE REALTY LLC, BEST ENERGY
POWER 2015 LLC

                           Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162232/2019 |
| MOTION DATE | 10/26/2023, 10/30/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 120, 124, 125, 126, 127, 128

were read on this motion to/for       JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 121, 122, 123, 129, 130, 131

were read on this motion to/for       SUMMARY JUDGMENT (AFTER JOINDER)       .

In this Labor Law personal injury action arising from a falling metal pipe, plaintiff moves for summary judgment on his Labor Law § 240(1) claim against defendants Greene Package Realty LLC (Greene) and Best Energy Power 2015 LLC (Best) (MS #2) and defendants move for summary judgment on each of plaintiff's causes of action pursuant to Labor Law §§ 200, 240(1) and 241(6) (MS #3).

## BACKGROUND

Greene was the owner of real property located at 162 East 109th St, New York, NY 10029 (the premises) (NYSCEF Doc No 18). Greene hired Best as the general contractor for a solar panel installation project (NYSCEF Doc No 87). Best then hired plaintiff's employer, Solar Max Power, LLC (Solar Max), as a sub-contractor to install solar panels on the building's flat rooftop.

**162232/2019   CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

**Page 1 of 7**

[* 1]

Before the solar panels could be placed, long, heavy metal pipes had to be installed. To do this, a few workers would position and hold the pipe down on the rooftop while others would bolt it into place (NYSCEF Doc No 114, 169:13-24).

Plaintiff's Testimony

On October 27, 2017, plaintiff was working on the roof of the premises (*id.*, 116:16-20), measuring a pipe so that it could be cut down to the proper length for installation (*id.*, 121:2-6) as directed by his supervisor, Danny Raff, who was also an employee of Solar Max (*id.*, 148:22-149:3). As his attention was turned to measuring the pipe before him, he heard someone shout out, and immediately after, one end of a 22-foot galvanized pipe tipped over and fell onto his back and hip, causing injury (*id.*, 149:4-25, 162:2-4, 197:17-198:17) (the other end of the pipe was resting on the rooftop surface, level with where plaintiff stood). Plaintiff's coworker, Josh, rushed to him and apologized for dropping the pipe, which he had been trying to hold upright on his own, though maneuvering the pipes was a multi-person job (*id.*, 160:18-161:3, 163:10-15).[1]

Defendants' Expert's Opinion

Defendants retained Anthony M. Dolhon, P.E., to review the evidence in this case and opine as to whether appropriate safety devices had been provided to plaintiff. In his affidavit, Dolhon states that "[t]here is no evidence that . . . the work could not have been safely accomplished without mechanical hoisting" and that "[n]o hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices are customarily required" in similar applications; rather, this work "is readily accomplished using manual handling" (NYSCEF Doc No 125). He

---

[1] There is conflicting testimony regarding whether Josh was attempting to install or uninstall the pipe (*compare id.*, 166:21-167:8 [plaintiff stating that the workers realized, after installing some pipes, that they were too long and needed to be cut; Josh had unbolted the pipe to remove it and was trying to set it down when it fell on plaintiff] *with* NYSCEF Doc No 88, 37:8-39:17 [Jonathan Cepeda, a coworker who witnessed the accident, stated that Josh had been attempting to fit the pipe onto the roof to install; he was holding the pipe and trying to screw in the bottom end when he lost control of it, and it tilted and fell onto plaintiff]).

**162232/2019   CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

**Page 2 of 7**

also stated that "the work area does not readily permit the use and placement of mechanical hoisting systems" (*id.*).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**162232/2019   CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

**Page 3 of 7**

[* 3]

3 of 7

Labor Law §§ 200 and 241(6)

Defendants argue that they cannot be held liable under Labor Law § 200 because they did not have control over plaintiff's work or notice of the unsafe condition; or under Labor Law § 241(6) because the Industrial Code provisions plaintiff cites are either inapplicable or were not violated (NYSCEF Doc No 110). In plaintiff's opposition, he "concedes that the facts of this matter do not implicate Labor Law §241(6) and Labor Law §200/common law negligence" (NYSCEF Doc No 122). Accordingly, the parts of defendants' motion seeking summary judgment on plaintiff's Labor Law §§ 200 and 241(6) claims will be granted.

Labor Law § 240(1)

Labor Law § 240 obligates "[a]ll contractors and owners and their agents [to] furnish or erect . . . braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240[1]). "The statute imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011] [internal quotation marks and citation omitted]). To prevail on a Labor Law § 240(1) cause of action, the plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*Blake v Neighborhood Hous. Servs. of New York City, Inc.*, 1 NY3d 280, 287-89 [2003]). "[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). The legislative intent behind the statute is to place "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner

**162232/2019   CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

**Page 4 of 7**

and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" (*Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513, 520 [1985], *rearg denied* 65 NY2d 1054 [1985] [internal quotations and citations omitted]). Therefore, Labor Law § 240(1) should be liberally construed to achieve the purpose for which it was framed (*Rocovich v Consol. Edison Co.*, 78 NY2d 509, 513 [1991]).

Plaintiff argues that the galvanized pipe that struck him was a falling object that required securing and that the absence of any safety device to secure the pipe was the proximate cause of plaintiff's injury. In opposition, defendants argue that: (i) plaintiff has not established that the pipe was an object that required securing, only that it was an object that fell on him; (ii) there is conflicting testimony regarding whether plaintiff's coworker was installing or uninstalling the pipe which precludes summary judgment in plaintiff's favor; (iii) plaintiff failed to identify which equipment or device was needed but not provided; and (iv) defendants' expert's opinion demonstrates that the accident was not a result of the absence or inadequacy of safety devices, but rather the means and method of the work performed (i.e., Josh attempting to maneuver the pipe by himself when he could have done so safely with "an extra set of hands"). In response, plaintiff argues that: (i) the pipe was of a significant size and weight, and held at a significant height, such that it should have been secured; (ii) the factual inconsistencies identified by defendants are immaterial; (iii) it is not plaintiff's burden to identify an appropriate safety device; and (iv) that the work could have been safely accomplished without safety devices does not change the fact that the provision of such devices would have prevented plaintiff's injury.

Plaintiff has established his entitlement to judgment as a matter of law under Labor Law § 240(1). Contrary to defendants' argument, a "plaintiff [is not] required to present evidence as to which particular safety devices would have prevented his injury" (*Noble v AMCC Corp.*, 277

**162232/2019  CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

**Page 5 of 7**

5 of 7

AD2d 20, 21 [1st Dept 2000]) or refute defendants' expert opinion regarding the feasibility of various safety devices. Rather, "[w]hat is essential to a conclusion that an object requires securing is that it present a foreseeable elevation risk in light of the work being undertaken" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 269 [1st Dept 2007]). Here, the workers were explicitly directed to maneuver long, heavy metal pipes, presenting a foreseeable risk that a pipe could fall on a worker and cause injury. Additionally, whether the pipe was in the process of being unbolted to correct a measuring mistake or being installed for the first time is immaterial; either way, the pipe "was part of the work of the construction project in which plaintiff was engaged and was required to be secured for the purposes of the undertaking" (*Matthews v 400 Fifth Realty LLC*, 111 AD3d 405, 405-06 [1st Dept 2013] [Labor Law § 240[1] applied where plaintiff "was setting up the grates to prepare them for welding, and [] the subject grate fell because it had not yet been welded in place"]). "As a result, plaintiff sustained his burden of showing that his injury arose from an elevation risk contemplated by the statute" (*Ruiz v Phipps Houses*, 216 AD3d 522, 522 [1st Dept 2023] ["Plaintiff was injured when a heavy scaffolding pole, which was approximately [10-14 feet tall and 80-100 pounds] fell on his head and shoulder . . . [because] one of plaintiff's coworkers was trying to hold the pole upright but could not do so because it was not secured"]). Accordingly, plaintiff's motion seeking summary judgment on his Labor Law § 240(1) cause of action will be granted and the part of defendants' motion seeking summary judgment dismissing the same claim will be denied.

## CONCLUSION

Accordingly, it is

ORDERED that plaintiff's motion seeking summary judgment on his Labor Law § 240(1) claim (MS #2) is granted; and it is further

**162232/2019   CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

**Page 6 of 7**

6 of 7

ORDERED that the part of defendants' motion seeking summary judgment dismissing plaintiff's Labor Law § 240(1) claim (MS #3) is denied; and it is further

ORDERED that the parts of defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241(6) claims (MS #3) is granted.

20240402120814PGOETZ1E63677A8D8B24ED9A71318D80D318F90

_____
**4/2/2024**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**162232/2019   CABRERA, LUIS vs. GREENE PACKAGE REALTY LLC**
**Motion No.  002 003**

Page 7 of 7

7 of 7

[* 7]